## PALMER *vs.* BENSON, Adm'r, &c.

1. A testator bequeathed to his eldest son the sum of five dollars, alleging that he had been undutiful, and also provided that after each of his other children had received the sum of four thousand dollars, he should receive an equal share in the remainder to be divided among them. By another clause the testator directed that his other children should share equally in his estate, that all his property should be kept together until his daughters married and his sons became twenty-one years of age, and that all of his landed property should be sold on his youngest son's arriving at the age of twenty-one years, and the proceeds divided as his other property. He also bequeathed to one of his daughters, who was married, three negroes and their increase, and directed that on a division of his property they, but not their increase, should be returned and appraised. *Held*, that the eldest son could not have a division of the estate until the youngest son had arrived at the age of twenty-one years, and that after each of the other children had received four thousand dollars, he might share equally in the remainder.

Error to the Court of Probate of Wilcox County.

John Palmer petitioned the Court of Probate for a distribution of the estate of his father, Stephen Palmer, deceased, and alleged in his petition that more than eighteen months had elapsed since the grant of letters of administration on the estate, and that the estate was out of debt and in a condition for distribution. The petition was opposed by the administrator on the ground that the petitioner *at that time* was not entitled under the will to any part of the estate except the sum of $5, therein bequeathed to him. The clauses of the will whose construction is involved in the decision of the court, are in the following words:

1. "I will and bequeathe unto my son, John Palmer, the sum of five dollars, to be paid him by my executors, (my reason for making this bequest is, that I consider that he has been undutiful to me as a son and has damaged me considerably by his conduct,) but desire and request, after all my other children have received the sum of $4,000 each, he may receive an equal share in the remaining balance to be divided among them."

2. "I will and bequeathe unto my daughter, Evalina McKee, one negro woman by the name of Fibby and her two children,

and their future increase; nevertheless, at a division of my property among my heirs at law to be returned and appraised without any increase which subsequently occur with them."

3. "My will and request is, that my children of the following names share equally in my estate, viz:" (naming all of them except John Palmer,) "and that all my property remain in common together until my daughters marry and my sons become of the age of twenty-one years; and I desire all of my landed property be sold on my youngest son becoming of the age of twenty-one years and not before, divided as herein before mentioned."

The Court of Probate decreed that a division of the estate could not be made until the youngest son had arrived at the age of twenty-one years, to reverse which decree the petitioner sued out a writ of error to the Supreme Court.

WATTS, JUDGE & JACKSON, for plaintiff in error.

No counsel for defendant.

CHILTON, J.—The Judge of the Probate Court decided this case right. If it had been the intention of the testator to have the shares to which his children would be entitled in his estate apportioned off upon the marriage of his daughters respectively, and the attainment of the age of majority of his sons, he would hardly have postponed those who were married and were of age at the time of making his will, but would have provided for their coming into possession of their shares immediately, or as soon as the same could have been apportioned off to them consistently with the proper administration of his estate. So far from this, he makes a provision for his married daughter, Mrs. McKee, who was of age, in the specific bequest of three slaves, and seems to contemplate that these slaves will increase before the final division, at which time the three slaves so given, but not their increase, are to be returned and appraised.

Again: he requires that all the property is to be kept together in common, and all his landed estate is to be sold when his youngest son arrives at the age of twenty-one years. If it be true, as contended by the counsel for the plaintiff in error, that each heir upon arriving at age, or the daughters upon their respective marriages, are entitled to their shares, to obtain which the whole estate, embracing the land, must be valued, the result

would be to throw the youngest child entirely upon the land for his share, if it be equal in value to one share, which we are quite sure was never contemplated by the testator. Indeed, the will expressly provides for the contrary, by requiring the proceeds arising from the sale of the land to be divided as the other property. So that, aside from the positive direction that *all* his property shall be kept together in common until his sons arrive at the age of twenty-one, &c., other portions of the will sufficiently indicate an intention to postpone the division until the majority of the youngest son. The fact that it would be unreasonable and impolitic to retain the land after the slaves, whose labor may be supposed to have rendered it productive, shall have been apportioned off among the distributees, may furnish an additional consideration in arriving at the conclusion that the testator did not intend to have a division of his slaves before his land was sold. We are satisfied, from the whole will, that the plaintiff in error can have no division until the youngest son arrives at age and each of the other children of the testator shall have received four thousand dollars. Then he may share equally in the remainder.

Decree of the Probate Court affirmed.